IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE ANSEIMO RAMIREZ, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | No. 3:13-cv-2838-B-BN |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Movant Jose Anseimo Ramirez, a federal prisoner, has filed a motion to vacate, correct or set aside sentence pursuant to 28 U.S.C. § 2255. The Section 2255 motion should be granted in part and dismissed in part.

## Background

On April 11, 2013, pursuant to his plea of guilty, Movant was found guilty of conspiracy to commit money laundering and sentenced to 240 months' confinement. *See United States v. Ramirez*, No. 3:12-cr-8-B(12), Dkt. No. 410 (N.D. Tex. 2013). He did not file a direct appeal.

On July 22, 2013, Movant filed a motion for leave to amend a Section 2255 motion that the Court construed as his first Section 2255 motion. *See* Dkt. Nos. 2 & 3. Movant was given the admonishments required under *Castro v. United States* and ordered to either withdraw his Section 2255 motion or file an amended motion setting forth all of his grounds for relief on the Court's Section 2255 form. *See* Dkt. No. 3;

*Castro v. United States*, 540 U.S. 375 (2003) (holding that a district court should not recharacterize a *pro se* post-conviction motion as a first Section 2255 motion absent notice and warning to the Defendant as to the consequences of that recharacterization).

On August 8, 2013, Movant filed his amended Section 2255 motion and brief in support. *See* Dkt. Nos. 4 & 5. Movant alleges that he was denied his Sixth Amendment right to effective assistance of counsel. *See id.*

On review of the amended motion, the Court directed Respondent to file an answer. *See* Dkt. No. 6. Respondent filed an answer on October 8, 2013. *See* Dkt. No. 8. Thereafter, the Court appointed counsel for Movant and set the case for an evidentiary hearing, which was conducted on April 1, 2014. *See* Dkt. Nos. 15 & 30.

## Legal Standards

The Sixth Amendment of the United States Constitution guarantees a criminal defendant "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). When a convicted defendant seeks relief on the ground of ineffective assistance of counsel, he must show that (1) counsel's representation fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. *Strickland*, 466 U.S. at 687-91 & 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. A court must indulge a strong presumption that counsel's conduct falls within

the wide range of reasonable professional competence or that, under the circumstances, the challenged action might be considered sound trial strategy. *See Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993); *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988).

## Analysis

Movant presents the following claims of ineffective assistance of counsel:

1. counsel failed to file a notice of appeal despite Movant's request;

2. counsel failed to object to Movant's 20-year sentence as being higher than the statutory maximum;

3. counsel failed to investigate whether wiretaps used on Movant were lawful prior to negotiating a plea agreement; and,

4. counsel represented Movant despite a conflict of interest.

*See* Dkt. No. 4.

The Court set an evidentiary hearing in this matter to explore Movant's first ineffective assistance claim, the question of whether counsel failed to file a notice of appeal on request.

Where counsel fails to file a notice of appeal that was requested by his client, the alleged deficient performance does not lead to a proceeding in which the defendant suffers prejudice – rather, it results in the complete forfeiture of an appeal. *See Roe v. Flores–Ortega*, 528 U.S. 470, 483 (2000). "In *[United States v. Cronic*, 466 U.S. 648 (1984)], [*Penson v. Ohio*, 488 U.S. 75 (1988)] and [*Smith v. Robbins*, 528 U.S. 259 (2000)], [the United States Supreme Court] held that the complete denial of counsel during a critical stage of a judicial proceeding mandates a presumption of prejudice

-3-

because 'the adversary process itself' has been rendered 'presumptively unreliable.'" *Id.* (quoting *Cronic*, 466 U.S. at 659). "The even more serious denial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right, similarly demands a presumption of prejudice." *Id.* The Court cannot presume that the results of a judicial proceedings are reliable when the judicial proceeding never took place. *See id.* Even where, as in the instant case, a criminal defendant waives his right to appeal, prejudice is presumed if counsel fails to file a notice of appeal upon request. *See United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007) (holding "that the rule of *Flores-Ortega* applies even where a defendant has waived his right to direct appeal and collateral review" and that, "[i]n such circumstances, if the petitioner is able to demonstrate by a preponderance of the evidence that he requested an appeal, prejudice will be presumed and the petitioner will be entitled to file an out-of-time appeal, regardless of whether he is able to identify any arguably meritorious grounds for appeal that would not be precluded by the terms of his appeal waiver").

At the evidentiary hearing conducted in this matter, trial counsel for petitioner, Peter Lesser, testified that, immediately after sentencing, District Judge Jane J. Boyle instructed him to file a notice of appeal on behalf of his client if asked to do so by the client. Mr. Lesser stated that he did not have an opportunity to speak with Movant after sentencing so he arranged for another attorney, Cynthia Barbare, to meet with

-4-

Movant to determine whether he wanted to appeal. Ms. Barbare was familiar with the case because she represented one of Movant's co-defendants and had arranged for Mr. Lesser to represent Movant to avoid any future conflict. Mr. Lesser testified that he was told by Ms. Barbare that Movant did not wish to appeal the Court's judgment but that Movant had refused to sign a waiver of appeal when asked to do so by Ms. Barbare.

Ms. Barbare, who was not present at Movant's sentencing, testified that she met with Movant after sentencing, counseled him with regard to his right to appeal, and asked him more than once if he wanted to appeal. She stated that Movant was angry and expressed dissatisfaction with the length of his sentence and that, although he did not want to appeal, Movant refused to sign a waiver of appeal form that she had prepared for his signature. Ms. Barbare conceded that she is not an appellate attorney and is not familiar with federal appeals, but she stated that Movant's attorney, Peter Lesser, knows how to appeal a federal criminal case.

The next hearing witness, Marysol Herrera-Duran, works as a Spanish interpreter and was present with Barbare when she met with Movant because Movant does not speak English. Ms. Herrera-Duran testified that, although Movant was angry and felt his sentence was unfair, he stated that he did not want to appeal.

Movant then took the stand and testified that he never spoke with his attorney, Peter Lesser, after sentencing. Movant testified that, during his meeting with Ms.

Barbare, he told her that he did not agree to the sentence imposed and was surprised by the length of the sentence. He stated that Ms. Barbare told him to sign the appeal waiver form because he had waived his right to appeal in the plea agreement. Movant testified that he refused to sign the form because he felt he had not been told the truth and because he wanted to appeal his sentence. Movant stated that he told Ms. Barbare twice that he wanted to appeal but was informed that, if he appealed, he could get more time. Movant testified that, during the meeting, he told Ms. Herrera-Duran that he was going to find somebody else to help him with his appeal because he felt that he had been mislead by counsel as to the potential length of his sentence.

Where a federal criminal defendant does not communicate any indication of a desire to appeal to his attorney, counsel will not be deemed ineffective for failing to file a timely notice of appeal. *See Childs v. Collins*, 995 F.2d 67, 69 (5th Cir. 1993) (affirming denial of a defendant's ineffective assistance claim where defendant failed to give any indication of a desire to appeal). But when, after sentencing, a "visibly upset" federal criminal defendant voices concern about the length of the sentence imposed, his belief that the sentence should have been shorter, and his desire to seek less time, the defendant has "triggered counsel's constitutional duty to consult with [the defendant] about an appeal." *United States v. Pham*, 722 F.3d 320, 325 (5th Cir. 2013). A defendant, particularly one who speaks no English, is not required to incant the magic word "appeal" to trigger counsel's duty to consult. *Id.* In consulting with the

defendant, counsel has duties to advise the defendant of the advantages and disadvantages of an appeal and to make "a reasonable effort to discover the defendant's wishes" regarding an appeal. *Id.* at 323. Counsel must also advise the defendant "of the procedure and time limits involved and of his right to appointed counsel on appeal." *White v. Johnson*, 180 F.3d 648, 652 (5th Cir. 1999).

To establish ineffective assistance of counsel for failure to perfect an appeal, a criminal defendant is not required to demonstrate that an appeal might have merit. *See Flores-Ortega*, 528 U.S. at 486; *Pham*, 722 F.3d at 324. He is required to show only a reasonable probability that, but for counsel's failure, he would have timely appealed. *See Tapp*, 491 F.3d at 265. Even where, as in the instant case, a defendant has waived his right to appeal in a plea agreement, the rule of *Flores-Ortega* applies. *See id.* at 266.

In determining whether a defendant sufficiently expressed a desire to appeal, the Court must consider the relevant factors in light of the facts and circumstances of the case. Here, Movant was clearly upset with the length of his sentence. He testified that he believed he had agreed to a shorter sentence and that he wanted to appeal. Ms. Barbare and Ms. Marysol-Duran testified that Movant was angry and visibly upset with his sentence. During closing arguments, the government conceded that Movant had lost trust in his attorneys and had "clammed up" during the meeting with Ms. Barbare. And Movant refused to sign the waiver of appeal that Ms. Barbare had prepared. There is nothing in the record to establish that Movant was fully informed

or advised of the procedures involved in appealing or of his right to appointed counsel on appeal. Movant stated that he informed the interpreter that he wanted to find someone else to handle his appeal, which, if true, should have been communicated to Ms. Barbare.

Considering all of the evidence against the relevant factors in light of the circumstances of this case, the undersigned finds, based on all of the evidence, including Movant's testimony, that Movant sufficiently expressed a desire to appeal and that, had he clearly understood his appellate rights and the associated procedures, there is a reasonable probability that he would have appealed. Therefore, Movant is entitled to relief.

## Recommendation

Movant's 28 U.S.C. § 2255 petition should be granted in part on his first ground for relief, and Movant should be permitted to take an out-of-time appeal. The remaining grounds for relief presented by Movant should be dismissed without prejudice to his right to raise the claims on direct appeal or in any other permissible collateral proceeding.

The judgment in Movant's criminal case should be re-entered after the Court has resolved the question of whether to appoint counsel on appeal. Movant should have 14 days from the date of re-entry of judgment to file his notice of appeal with the district court. *See United States v. West*, 240 F.3d 456, 458 (5th Cir. 2001).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 10, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE