UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE ANSEIMO RAMIREZ | § | |
| | § | |
| Movant, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.3:13-CV-2838-B-BN |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## ORDER OVERRULING GOVERNMENT'S OBJECTIONS AND ADOPTING THE FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Government's Objections (doc. 35) to the United States Magistrate Judge's Findings, Conclusions, and Recommendations (doc. 31). As set forth below, the Government's objections are **OVERRULED** in their entirety.

### I.

### BACKGROUND

On July 22, 2013, Movant Jose Anseimo Ramirez, a federal prisoner, filed a motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255. Doc. 2. On August 8, 2013, Movant filed an amended Section 2255 motion, alleging that he was denied his Sixth Amendment right to effective assistance of counsel. Doc. 5. Pursuant to the Order of Magistrate Judge David L. Horan ("Judge Horan") (doc. 6), the Government filed an answer (doc. 8) on October 8, 2013.

On April 1, 2014, Magistrate Judge David L. Horan ("Judge Horan") conducted an evidentiary hearing on this matter. Doc. 30. Specifically, the hearing addressed Movant's first ineffective assistance of counsel claim—the question of whether counsel failed to file notice of appeal

on request. *See* doc. 31, 3. On July 10, 2014, Judge Horan entered his Findings, Conclusions, and Recommendation ("Findings and Recommendation"), in which he concluded that "Movant sufficiently expressed a desire to appeal and that, had he clearly understood his appellate rights and the associated procedures, there is a reasonable probability that he would have appealed." Doc. 31, 8. Consequently, Judge Horan recommended that Movant's 28 U.S.C. § 2255 petition should be granted in part on his first ground of relief, and that Movant should be permitted to take an out-of-time appeal. *Id.* Judge Horan recommended that Movant's remaining grounds for relief "should be dismissed without prejudice to his right to raise the claims on direct appeal or in any other permissible collateral proceeding." *Id.*

On August 25, 2014, the Government filed its Objections to Judge Horan's Findings and Recommendation. Doc. 35. Following a motion for an extension of time to respond, Movant filed his Response to the Government's Objections (doc. 39) on October 8, 2014, and the Government filed its Reply (doc. 40) on October 16, 2014. The matter is now ripe for the Court's review.

II.

ANALYSIS

Rule 72(b) of the Federal Rules of Civil Procedure provides that within fourteen days after being served a copy of the magistrate judge's recommendation, a party may file specific written objections. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). "The district must then 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made' before accepting, rejecting, or modifying those findings or recommendations." *Habets v. Waste Mgmt., Inc.*, 363 F.3d 378, 381 (5th Cir. 2004)(quoting 28 U.S.C. § 636(b)(1)).

The Government objects to Judge Horan's finding that "[t]here is nothing in the record to establish that Movant was fully informed or advised" of his appeal rights. Doc. 35, 1 (quoting doc. 31, 7–8). The Government argues that in doing so, Judge Horan improperly shifted the burden of proof to the Government. Doc. 35, 1. The Government further argues that Movant "presented no evidence to rebut the presumption of effective assistance of counsel" and that the record undermines Judge Horan's recommendation. *Id.*

After reviewing all the relevant matters of record in this case in accordance with 28 U.S.C. § 636(b)(1), the Court is of the opinion that Judge Horan's Findings and Recommendation are correct. The Government's argument that Judge Horan incorrectly shifted the burden of proof to the Government is unsupported by the record before the Court. *See Burt v. Titlow*, 134 S. Ct. 10, 17 (2013) (finding that "the absence of evidence cannot overcome the 'strong presumption that counsel's conduct [falls] within the wide range of reasonable professional assistance.'"). Based on the evidentiary hearing Judge Horan held on this matter, he concluded that "Movant was clearly upset with the length of his sentence. He testified that he believed he had agreed to a shorter sentence and that he wanted to appeal." Doc. 31, 7. Based on the testimony presented, Judge Horan further concluded that "Movant was visibly angry and visibly upset with his sentence," and that he "had lost trust in his attorneys and had 'clammed up'" during his meeting with Ms. Barbare, the attorney of Movant's co-defendant, following his sentencing. *Id.* Moreover, Movant refused to sign the waiver of appeal that Ms. Barbare had prepared and "stated that he informed the interpreter that he wanted to find someone else to handle the appeal." *Id.* at 7–8. Therefore, despite Judge Horan's wording that "there is nothing in the record to establish" that Movant was fully informed of his right to appeal, Judge Horan made his determination based on evidence presented before him at the evidentiary

hearing of April 1, 2014, and not on the absence of such evidence, as the Government contends.

Furthermore, based on the evidence summarized above and evidence included in the record, Judge Horan's assessment of the relevant testimony supports his finding that Movant not was "fully informed or advised of the procedures involved in appealing or of his right to appointed counsel on appeal." *Id.* Accordingly, the Government's objection that Movant was inconsistent in certain aspects of his testimony and that Judge Horan thus erred in finding that he had "sufficiently expressed a desire to appeal" does not warrant the dismissal of Movant's Section 2255 claims. Consequently, the Court finds that Judge Horan's ruling was not clearly erroneous or contrary to law.

### III.

### CONCLUSION

For the reasons stated above, the Court **OVERRULES** the Government's objections in their entirety and **ORDERS** that the Findings, Conclusions, and Recommendation of the United States Magistrate Judge are **ACCEPTED**.

**SO ORDERED.**

**Dated: January 20, 2015.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE